United States District Court
Southern District of Texas
**ENTERED**
January 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WENNERMARK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:24-CV-00031 |
| | § | |
| DEWITT COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Defendants' motions to dismiss (D.E. 32, 34). On November 6, 2025, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 66), recommending that Defendant Dewitt County's motion (D.E. 32) be denied; Defendants Southern Health Partners, Inc. ("SHP"), Jennifer Stinnett, Laurie Srubar Kiening's (collectively Medical Defendants') motion be granted in part and denied in part; and Plaintiff be given an opportunity to amend the complaint. Defendants timely filed their objections (D.E. 67, 69) and Plaintiff responded (D.E. 70).

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general

objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834

F.2d 419, 421 (5th Cir. 1987) (per curiam) (discussing pro se petitioner's objections to

M&R), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415

(5th Cir. 1996)). As to any portion for which no objection is filed, a district court reviews

for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864

F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A. The County's Objections

#### 1. Sufficiency of § 1983/Fourteenth Amendment Claims

The County's first objection is that Plaintiff's allegations regarding his Fourteenth

Amendment claims are conclusory with respect to any County policy and are therefore

insufficient under the federal pleading standard of *Twombly/Iqbal*. D.E. 67, pp. 2-4.

However, the County's argument is based solely on the Magistrate Judge's superseded

Memorandum and Recommendation and this Court's decisions in other cases addressing

other fact scenarios and pleadings. In his response, Plaintiff defends the pleading of a

County policy to support liability under *Monell v. Department of Social Services*, 436 U.S.

658 (1978), relying on the factual allegations highlighted in the M&R and noting that prior

wrongful conduct is not required for a conditions of confinement scenario to support a

policy finding. D.E. 70, pp. 8-14.

The Magistrate Judge went to great lengths to discuss the pleading standard. She set

out the requirement of a policy, the different ways to prove a policy, the different types of

policies, and the standard to apply when some relevant facts are solely within the knowledge of the defendant.  D.E. 66, pp. 14-19. There is no objection to this part of the analysis and it is not clearly erroneous. The Magistrate Judge concluded that Plaintiff had pled sufficient facts to support a number of enumerated policies, specifying their factual nature and relationship to the events in this case. *Id.*, pp. 20-21. This, she concluded, provided the County with sufficient notice of the claims made against it. The Court agrees.

What differentiates this case from those the County cited in its objections is the breadth of the conduct. The policy allegations arise out of unsanitary conditions, refusal to provide cleaning supplies, multiple failures over a long period of time to provide Plaintiff with medical attention despite the obvious need, failing to transport Plaintiff to medical appointments, as well as multiple facets of delayed, denied, and intentionally ineffective medical care. Plaintiff's diabetic condition is one that the County should expect to encounter on a regular basis and its response should be routine. The fact that it is not—across space, time, function, and personnel—is sufficient pleading of a basic policy-level acceptance of constitutional violations. The County failed to address these allegations and its objection is **OVERRULED**.

### 2.  Sufficiency of Claim for Failure to Train

The County's second objection argues that Plaintiff has not pled a sufficient failure to train claim because he has not stated with particularity what part of the County's training program is deficient, given that the officers were properly certified or licensed under TCOLE standards. D.E. 67, pp. 4-6. As a preliminary matter, the Court agrees with Plaintiff

that the standard of review precludes any consideration of the County's defensive assertion

that its employees are properly licensed or certified. *See* D.E. 70, p. 7. Otherwise, the

County asserts that Plaintiff's claim is based on a single alleged wrongful act, which cannot

be extrapolated into a municipal policy or custom with respect to training.

Plaintiff responds to the County's argument as follows:

> The exception is called the single incident exception because
> "even absent proof of pattern, deliberate indifference can still
> be inferred if the factfinder determines that the risk of
> constitutional violations was or should have been an 'obvious'
> or 'highly predictable consequence' of the alleged training
> inadequacy." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616,
> 624 (5th Cir. 2018) (emphasis added); *see also City of Canton,
> Ohio v. Harris*, 489 U.S. 378, 390, n.10 (1989); *Brown v.
> Bryan Cnty., OK*, 219 F.3d 450, 460 (5th Cir. 2000); *Covington
> v. City of Madisonville, Tex.*, 812 F. App'x 219, 225 (5th Cir.
> 2020).
>
> The single incident exception is satisfied and a municipality
> can be held liable for failure to train officers when (1) the need
> for training "should have been obvious to" the policymaker,
> (2) the violation was an obvious consequence of that lack of
> training, and (3) the failure to train caused the constitutional
> violation. *Brown*, 219 F.3d at 460.

D.E. 70, p. 15.

Plaintiff's argument is premised on the fact that the County must be prepared to care

for inmates with diabetes because of its prevalence in the population. He argues that the

lack of training is clear from the fact that ordinary jail staff was given the gatekeeping

responsibility regarding an inmate's need for medical care, without providing the necessary

medical training regarding the particular needs of inmates with diabetes—both with respect

to the conditions of confinement and the need for medication and care of wounds. The

4 / 13

Court agrees. The County delegated actual medical care to SHP, but failed to provide any means for medical triage of inmate complaints. The disconnect between the role of the jailer and the role of medical staff is a sufficient factual allegation to support a deliberately indifferent training policy decision at the County level.

### 3. Sufficiency of ADA/RA Claim

The County's third objection is that the ADA/RA claim is factually insufficient. D.E. 67, pp. 6-7. After quoting a passage from the M&R that demonstrates Plaintiff's disability and the County's knowledge of it, the County argues that the Magistrate Judge confused a deliberate indifference claim with a failure to accommodate claim. *Id*., p. 7. However, the quoted facts regarding Plaintiff's alleged disability go to both claims. Plaintiff has a qualified disability of which the County knew.

With respect to the actual failure to accommodate, the allegations include that Plaintiff was denied medical care in at least one instance because the County failed to provide a wheelchair to transport Plaintiff to the medical clinic. By the County's own argument, participation in medical care is a public program included in the ADA/RA's requirements. *Id*., p. 7. And there is no dispute that a wheelchair is an accommodation he was denied. As Plaintiff argues, medical care in general is a program for which the County denied Plaintiff participation because of his disability. D.E. 70, p. 22. Plaintiff also argues that safe, clean housing is a program denied to Plaintiff because of his disability-related susceptibilities. *Id*. These are failure-to-accommodate claims.

While Plaintiff addresses the vicarious liability of the County for its employees' conduct, the County's objection does not include that issue. *See* D.E. 70, p. 19. Therefore, the Court need not, and does not, address it. The County's objection to the ADA/RA claim is **OVERRULED**.

## B.  The Medical Defendants' Objections

The Medical Defendants begin by asserting in global terms that the Magistrate Judge's prior M&R was correct and that this Court should reinstate it. D.E. 69, pp. 1-2. Because such a presentation does not point out with particularity any error in the Magistrate Judge's analysis, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993).

SHP also appears to argue that the Magistrate Judge exceeded the scope of this Court's order recommitting the motions for reconsideration. This Court asked for reconsideration of the motions in light of the objections filed and the scope of the order recommitting the matter was not limited. Therefore, the Magistrate Judge did not exceed her plenary scope of review.

As a final preliminary matter, the Court notes that Plaintiff did not file a response to the Medical Defendants' objections.

## 1.  Leave to Amend to State Vicarious Liability Under § 1983

The Magistrate Judge reviewed at length the competing arguments and the evolution of the law regarding whether a private corporation is subject to liability under § 1983

pursuant to a respondeat superior theory. D.E. 66, pp. 33-36. She ultimately concluded that it is an open question of law in this circuit. Rather than make a definitive ruling at the Rule 12 stage, she recommends permitting Plaintiff to amend to add the claim so that it can be determined after adequate time to conduct discovery. She chose this course because the § 1983 claim was recommended to survive on a *Monell* theory against SHP. While success on that theory would render respondeat superior liability superfluous, the marginal difference in permitting discovery on both theories was *de minimis*. *Id.*

SHP objects, seeking a definitive ruling that respondeat superior liability is foreclosed in a § 1983 case against a private corporation under "well-settled" law. D.E. 69, pp. 3-5. SHP takes issue with some of the Magistrate Judge's reading of the law. It argues that *Shields v. Illinois Department of Corrections*, 746 F.3d 782, 789-96 (7th Cir. 2014), does not conclude that vicarious liability is a proper theory.[1] D.E. 69, p. 4. While *Shields* did apply *Monell's* limitations on municipal liability to the private corporation before it, the court reviewed *Monell's* analysis in historical perspective and wrote:

> For all of these reasons, a new approach may be needed for whether corporations should be insulated from *respondeat superior* liability under § 1983. Since prisons and prison medical services are increasingly being contracted out to private parties, reducing private employers' incentives to prevent their employees from violating inmates' constitutional rights raises serious concerns. Nothing in the Supreme Court's jurisprudence or the relevant circuit court decisions provides a sufficiently compelling reason to disregard the important policy considerations underpinning the doctrine of *respondeat*

---

[1]   The court wrote about the state of the law and its circuit precedent limiting recovery to a *Monell* theory, saying: "For reasons we explain below, however, *Iskander* and our cases following it on this point deserve fresh consideration, though it would take a decision by this court sitting en banc or pursuant to Circuit Rule 40(e), or a decision by the Supreme Court to overrule those decisions." *Shields*, 746 F.3d at 789.

> *superior*. And in a world of increasingly privatized state services, the doctrine could help to protect people from tortious deprivations of their constitutional rights.

*Shields*, 746 F.3d at 795.

Openly considering issuing an opinion that would overrule its own precedent and allow a respondeat superior theory against private corporations so that the Seventh Circuit could consider it on rehearing and make a ruling en banc, the court noted that the plaintiff had not asked for that result. *Id*. at 795-96. So it simply applied *Monell* pursuant to its precedent. And, as the Magistrate Judge noted, the Seventh Circuit has not changed its law since the 2014 *Shields* decision.  D.E. 66, p. 35. So while Shields makes a solid case for recognizing a respondeat superior theory in this case, its holding did not trigger a reevaluation of the direction the cases have taken.

In the meantime, at least one Texas case applied respondeat superior to a case involving SHP with respect to its medical care contract with a county: *Belknap v. Leon County, Texas*, No. 622CV01028ADAJCM, 2023 WL 3604728, at *8 (W.D. Tex. Apr. 3, 2023), *report and recommendation adopted*, No. 622CV01028ADAJCM, 2023 WL 3612345 (W.D. Tex. May 23, 2023), *aff'd in part, rev'd in part sub nom. Belknap v. Spinks*, No. 23-50465, 2025 WL 3014912 (5th Cir. Oct. 28, 2025) (on qualified immunity). SHP does not challenge that case.

SHP does challenge the Magistrate Judge's reliance on *Hutchison v. Brookshire Brothers, LTD.*, 284 F. Supp. 2d 459, 473 (E.D. Tex. 2003). D.E. 69, p. 4 (citing *Vernier v. Smith Cnty., Tex.*, No. 6:24-CV-00378-JCB-JDL, 2025 WL 2633208, at *10 (E.D. Tex.

Apr. 30, 2025), *report and recommendation adopted*, No. 6:24-CV-00378, 2025 WL 2491114 (E.D. Tex. Aug. 29, 2025). As SHP observes, *Vernier* distinguished *Hutchison* on the basis of considerations unique to a private corporation's acceptance of constitutional duties as delegated by the county. However, it still stated, "Whether Plaintiff can hold a private contractor vicariously liable under § 1983 has not yet been directly answered by the Fifth Circuit." *Vernier*, 2025 WL 2633208, at *10.

While SHP argues that the great weight of case opinions apply *Monell* rather than vicarious liability, that does not make it "well-settled" in this circuit without a Fifth Circuit opinion. It may be the safer bet, but that decision does not need to be made at this juncture. And while SHP complains that the Court should eliminate this theory before the parties incur increased discovery and costs, it has failed to controvert the Magistrate Judge's determination that any such differential is inconsequential—a finding that is not clearly erroneous. For these reasons, the Court **OVERRULES** the objection without prejudice.

### 2. Sufficiency of Failure to Train Claim Against SHP

SHP's second objection challenges the Magistrate Judge's analysis that the pleadings were factually sufficient to support a failure to train claim against it. D.E. 69, pp. 6-7. In particular, it argues that the pleading does not satisfy the rigors of the single-instance analysis of a constitutional claim. It also argues that, because jail staff made the final decisions regarding referral of inmates to off-site healthcare providers, SHP's conduct did not cause Plaintiff's injuries. *Id.*

9 / 13

The Magistrate Judge took into consideration all of the allegations, including SHP's agreement to the terms of its contract with the County, which removed some medical decisions from medical personnel. In so doing, SHP agreed at the highest level to provide incomplete medical services. On the treatment level, the M&R notes:

> Among other allegations, Wennermark has alleged that SHP employees: (1) did not properly treat his infection and gave him treatment they knew would not be effective; (2) refused additional treatment despite his obviously worsening infection; (3) denied him use of a wheelchair and denied in-cell treatment, instead forcing him to walk on his injured foot. (D.E. 23 at 7-11). These factual allegations include *misconduct that occurred in the open by multiple SHP employees,* which is sufficient to give notice to SHP of what Wennermark's claims are.

D.E. 66, p. 31 (emphasis added). While this case involves a single patient, it does not involve a single failed treatment, but addresses systemic failures in treating that patient for an illness and complications that are routinely encountered in inmate populations and for which SHP's personnel must be prepared. These allegations are factually sufficient to support a failure to train claim. The objection is **OVERRULED**.

### 3.  Sufficiency of Deliberate Indifference Claim Against Individuals

Defendants Stinnett and Kiening object that the allegations of their state of mind is conjectural and conclusory and therefore insufficient to support the deliberate indifference claims against them.  D.E. 69, pp. 8-9. As the Magistrate Judge observed, "Deliberate indifference is an extremely high standard to meet but can be satisfied by a wanton disregard for an inmate's serious medical needs." D.E. 66, p. 17 (quoting *Cope v. Cogdill*, 3 F.4th 198, 207 (5th Cir. 2021) (internal quotation marks and brackets omitted)); *see also,*

*Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference to medical needs is shown when officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Defendants Stinnett and Kiening do not take issue with the Magistrate Judge's listing of the serious allegations against them. *See* D.E. 66, p. 26. Their argument is that the allegations amount to nothing more than medical negligence or a disagreement about care. The Court disagrees. The allegations show subjective knowledge of Plaintiff's serious health risk, intentional mistreatment, delayed treatment, disclosing false or no medical information to other providers, failure to follow the medical directions of outside providers, and more. The objection is **OVERRULED**.

### 4.  Sufficiency of § 1983/Fourteenth Amendment Claim Against SHP

Without addition or modification, SHP incorporates by reference the County's objection regarding this theory. D.E. 69, p. 2. Pursuant to the analysis above, the objection is **OVERRULED**.

### 5.  Sufficiency of ADA Claim Against SHP

Without addition or modification, SHP incorporates by reference the County's objection regarding this theory. D.E. 69, p. 2. Pursuant to the analysis above, the objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Defendants' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Defendants' objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly:

- Defendant Dewitt County's motion to dismiss (D.E. 32) is **DENIED**.

- Defendants SHP, Stinnet, and Kiening's motion (D.E. 34) is **GRANTED IN PART** and **DENIED IN PART**.

  o SHP's motion to dismiss is **GRANTED IN PART** because Wennermark's allegation that SHP receives federal funding is insufficient under Rule 8. However, the Court **GRANTS** Wennermark leave to amend this allegation.

  o In all other respects the Medical Defendants' motion (D.E. 34) is **DENIED IN PART**.

- The Court further **GRANTS** Plaintiff's request for leave to amend to assert vicarious liability against SHP. However, this is without prejudice to later challenges, including a challenge to the applicability of the theory as a matter of law.

**ORDERED** on January 9, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE